UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:20-cv-05277-GW (SK) | Date | June 26, 2020 |
|---|---|---|---|
| Title | Jaisen Maurice Lacount v. Atchley | | |

| Present: The Honorable | Steve Kim, U.S. Magistrate Judge |
|---|---|

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Smart / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None present | None present |

**Proceedings:**   (IN CHAMBERS) **ORDER TO SHOW CAUSE**

   Petitioner is a California state prisoner convicted and sentenced in Los Angeles Superior Court for human trafficking of a minor, kidnapping, rape, and other crimes. (ECF 1 at 1-2). He has filed a federal habeas petition raising five grounds for relief: insufficiency of the evidence to support the human trafficking conviction, malicious prosecution, and three sentencing challenges under the California Penal Code. (*Id.* at 6-7). On its face, the petition appears subject to dismissal, in whole or in part, for at least two reasons.

   First, the petition contains (at least) two unexhausted claims. Petitioner admits he did not raise his malicious prosecution claim in the California Supreme Court on direct or collateral review. (ECF 1 at 7). Nor did he raise his challenge to the weapon-use enhancement in the California Supreme Court on direct or collateral review. (*Id.*). To exhaust a habeas claim, a state prisoner must present it in a complete round of direct appeals or state habeas proceedings up to and including the highest state court. *See* 28 U.S.C. § 2254(b)(1)(A); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Even if Petitioner's remaining three claims are exhausted (which the Court need not decide now), he is left with a "mixed" petition containing both exhausted and unexhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). So the Court cannot proceed with this habeas action unless Petitioner either voluntarily dismisses the unexhausted claims or files an amended petition without the unexhausted claims. *See Butler v. Long*, 752 F.3d 1177, 1180 (9th Cir. 2014).[1]

   Second, even if the petition were completely exhausted, the Court lacks jurisdiction over grounds two, four, and five—which allege only errors in the application of California state sentencing laws. (ECF 1 at 6-7). Federal habeas relief is available only if Petitioner is being held in custody in violation of federal law. *See* 28 U.S.C. § 2254(a); *Engle v. Isaac*, 456 U.S. 107, 119 (1982). As a result, "a state court's misapplication of its own sentencing laws does not justify federal habeas relief." *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994); *see, e.g., Watts v. Bonneville*, 879 F.2d 685, 687 (9th Cir. 1989) (claim that California court

---

[1] Petitioner has not moved for a stay of the habeas action under *Rhines v. Weber*, 544 U.S. 269 (2005).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:20-cv-05277-GW (SK) | Date | June 26, 2020 |
|---|---|---|---|
| Title | Jaisen Maurice Lacount v. Atchley | | |

misapplied Penal Code § 654 by imposing multiple punishments for single act cannot be reviewed on federal habeas).

For these reasons, Petitioner is **ORDERED TO SHOW CAUSE** on or before **July 26, 2020** why his mixed petition should not be dismissed in whole as unexhausted and, even if exhausted, why the petition should not be dismissed in part for lack of jurisdiction over the state law claims. To discharge this order, Petitioner may (1) file an amended petition without any unexhausted or state law claims; (2) voluntarily dismiss the petition (using the attached Form CV-09), and refile after he has exhausted all his cognizable federal claims, provided that he has enough time left under the one-year federal statute of limitations; or (3) file a written response proving that the Court's procedural analysis above is wrong and stating that Petitioner wishes to stand on the petition as alleged.

**Failure to comply with this order may result in involuntary dismissal of the petition for failure to prosecute and obey court orders.** *See* Fed. R. Civ. P. 41(b); L.R. 41-1.

**IT IS SO ORDERED.**